```
L4C3CORC
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  UNITED STATES OF AMERICA,
4           v.                                11 CR 205 (AKH)
5  CLIVER ANTONIO ALCALA
   CORDONES,
6
7           Defendant.
   ------------------------------x
8
                                              New York, N.Y.
9                                             April 12, 2021
                                              10:30 a.m.
10
11 Before:
12                 HON. ALVIN K. HELLERSTEIN,
13                                         District Judge
14
                            APPEARANCES
15
   AUDREY STRAUSS
16      Acting United States Attorney for the
        Southern District of New York
17 KYLE WIRSHBA
        Assistant United States Attorney
18
   CESAR de CASTRO
19 CRISTIAN FRANCOS
        Attorneys for Defendant
20
   ALSO PRESENT:  Nancy I. Adler, Spanish Interpreter
21

1           (Via teleconference)

2           THE DEPUTY CLERK:  U.S. v. Cliver Antonio Alcala

3   Cordones.  Counsel, please state your appearance for the

4   record.

5           MR. WIRSHBA:  Good morning, your Honor.  Kyle Wirshba

6   for the government.

7           MR. de CASTRO:  Good morning.  Cesar de Castro and

8   Cristian Francos for Mr. Alcala Cordones.

9           THE COURT:  What are we doing today?

10          MR. WIRSHBA:  Yes, your Honor.  This is Kyle Wirshba

11  for the government.  Today we are discussing the progress on

12  the case as we've moved forward, the discussions that the

13  government and defense counsel have had, we can update the

14  Court on the status of discovery, and then the parties are

15  going to seek some additional time to continue to work through

16  that discovery before setting any kind of schedule.

17          THE COURT:  Why don't you give me a report where you

18  are.

19          MR. WIRSHBA:  Yes, your Honor, of course.  The

20  government has produced a significant amount of discovery to

21  defense counsel, many gigabytes of electronic information.  The

22  government continues to produce discovery to the defendant, so

23  we have been collecting, we've been working very closely with

24  defense counsel, frankly, to collect those materials, and to

25  get those materials into the hands of defense counsel in a

1  format that is useful and productive for them.  And the parties
2  have also engaged in discussions about whether or not a
3  possible pretrial disposition of this matter might be possible.
4         There is still is some discovery remaining in this
5  case.  We have alerted the defense to that discovery, and we
6  have been working to collect it as expediently as possible.
7  But it is my understanding, your Honor, after speaking with
8  defense counsel, that the defendant requires additional time to
9  continue to engage with that discovery, and therefore the
10 parties think that an additional adjournment would be
11 appropriate and helpful in this case.
12         THE COURT:  How much adjournment do you require?
13         MR. WIRSHBA:  Your Honor, I think if your Honor were
14 to adjourn for 60 days, I think the parties could come back and
15 give the Court an update as to where things stand.  And at that
16 point, the parties think that setting a motion schedule might
17 be productive.
18         THE COURT:  Mr. de Castro?
19         MR. de CASTRO:  Good morning, Judge.  Yeah, all of
20 that is accurate from the government.  They have produced an
21 incredible amount of material, and we have been getting through
22 it.  There has been very few technical glitches, like I'm sure
23 you all hear the time about problems, it's been pretty smooth.
24 It's been coming in in volumes, but we are getting through it,
25 and we've devoted a lot of time to getting through it.  But I'm

still not through it.  It is just a lot of audio and things like that.

            THE COURT:  Are you and your colleagues agreeable to a 60-day adjournment?

            MR. de CASTRO:  We are agreeable to that.  The one issue I would sort of raise is, and the government and us had discussed it, is to the extent that the Court wanted to sort of at least get us in the trial queue, my understanding is we might be there.  I don't want us to be in a situation where later down the road, because we need more time going through this, our potential trial date is pushed even farther out.  I know trial dates are far out right now.

            THE COURT:  My strong policy is not to set cases for trial that are not ready for trial.  When they're ready, I'll do my best to get you an early trial date.

            MR. de CASTRO:  Okay.

            THE COURT:  Can I, Mr. Wirshba, expect the government will have produced everything by 60 days?

            MR. WIRSHBA:  Your Honor, this is Kyle Wirshba for the government.  The government will do its best to have produced everything in its possession in 60 days.  As we've been discussing with defense counsel, there are actually certain -- there are certain items that are not in the possession of the prosecution team that we are seeking to get for the defense in this particular case, and we have a lot less control over when

1   we might be able to receive those materials. But all --

2   THE COURT: What kind of materials are there?

3   MR. WIRSHBA: It's -- I believe there are certain

4   device extractions that may be relevant to the defense and

5   certain other reports. The government is seeking to do that as

6   quickly as possible. All I can say, your Honor, we will do our

7   absolute very best to get those materials into the hands of

8   defense within 60 days.

9   THE COURT: Defense satisfied with that

10  representation?

11  MR. de CASTRO: Yes, Judge. I don't think it

12  necessarily makes sense to go into super detail as to the

13  materials. We are going back and forth with the government.

14  THE COURT: Can I expect the defense to state whatever

15  motions it makes within 60 days along with a briefing schedule,

16  and failing to do that would be a waiver of motions?

17  MR. de CASTRO: Yes, Judge.

18  THE COURT: We'll do that. We'll adjourn for 60 days,

19  the precise date that Ms. Jones also give us in a moment, and

20  exclude time until then so that the government can complete its

21  production and defense counsel can thoroughly assess the case

22  and counsel their clients as to how best to proceed and in the

23  interest of justice.

24  There is such a motion, right, Mr. Wirshba?

25  MR. WIRSHBA: Yes, your Honor.

L4C3CORC

1       THE DEPUTY CLERK:  Is Mr. Cordones in Essex County?
2  Where is he being held?
3       MR. WIRSHBA:  Orange.
4       THE DEFENDANT:  Putnam County.
5       THE DEPUTY CLERK:  Thank you.  June 7, is that good,
6  at 9 a.m.?
7       MR. WIRSHBA:  That's fine for the government, your
8  Honor.
9       THE COURT:  We'll adjourn.  Time is excluded until
10 June 7 at 9 a.m.  Good-bye.
11      (Adjourned)