# EXHIBIT A

# THE LAW FIRM OF
# CÉSAR DE CASTRO, P.C.
ATTORNEY AT LAW

The District
111 Fulton Street – 602
New York, New York 10038
631.460.3951 Main
646.285.2077 Mobile
646.839.2682 Fax
cdecastro@cdecastrolaw.com
cdecastrolaw.com

November 11, 2021

*Via* **E-Mail**

Jason Richman
Assistant United States Attorney
Southern District of New York
1 St. Andrew's Plaza
New York, New York 10007

        Re:    *United States v. Cliver Alcalá Cordones,* 11 Cr. 205 (AKH)

Dear AUSA Richman,

On behalf of General Cliver Antonio Alcalá Cordones, we write to request the government provide the defense with: (1) particulars regarding the charges alleged in the Indictment as they relate to General Alcalá Cordones; and (2) materials favorable to the defense pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and Federal Rule of Criminal Procedure 5(f). The Indictment in this case alleges a twenty-one-year conspiracy dating back to 1999 and, despite its length, provides little to no detail regarding the acts alleged to be committed by General Alcalá Cordones. Without additional particulars, General Alcalá Cordones cannot adequately prepare for trial and prevent trial surprises. The government has produced mountains of documents and materials with no guidance as to which materials are relevant. In fact, the government has suggested otherwise in prior communications with the defense, acknowledging that the vast majority of produced discovery is unrelated to General Alcalá Cordones's alleged participation in the charged conspiracy. Accordingly, the defense is left with little to no ability to adequately prepare for the case the government intends to present at trial.

Furthermore, the defense is confident that there exists *Brady* and Rule 5(f) material in the form of documents, witnesses, and statements not yet identified and produced to the defense, to which it is entitled. In particular, in or about 2018, AUSA Michael Lockard, in various discussions with defense counsel, indicated that that the United States Attorney's Office for the Southern District of New York had concluded that it could not and would not charge General Alcalá Cordones with certain crimes. AUSA Lockard described the evidence concerning General Alcalá Cordones's participation in narcotics-related activities as "equivocal." All materials related to witnesses and evidence that caused the United States Attorney's Office to conclude that the evidence was "equivocal" should be produced to the defense. Not only is this material

necessary for the preparation of Mr. Alcalá Cordones's defense, but it also constitutes material subject to disclosure pursuant to *Brady* and Rule 5(f).

The evidence in this case also establishes that rather than acting as a co-conspirator in the crimes alleged in the Indictment, General Alcalá Cordones spent the seven years prior to his arrest actively opposing the Maduro regime and seeking to oust his alleged co-conspirators from power, even taking up arms against them with the full knowledge of the United States government. Accordingly, in addition to the *Brady* and 5(f) materials already produced, we request the government produce all materials from United States intelligence agencies relating to General Alcalá Cordones's efforts to overthrow the Maduro regime.

I. **The Indictment and Lack of Any Illuminating Discovery**

The government has charged General Alcalá Cordones with participating in a twenty-one-year narco-terrorism conspiracy. The indictment sets forth a broad and sweeping conspiracy including global narcotics trafficking of thousands of tons of cocaine, laundering of millions of dollars of drug proceeds, and coordinating attacks targeting United States persons and properties. In the twenty-eight pages of the indictment, General Alcalá Cordones is mentioned with specificity only twice. He is described as "a Venezuelan citizen and a former general in the Venezuelan military" [Indictment at p. 10] and it is alleged that "in or about 2008", he attended a meeting with defendants Cabello Rondón and Carvajal Barrios, "at which they agreed that [General Cordones] would take on additional duties coordinating drug-trafficking activities by the Cartel de Los Soles and the FARC." [Indictment at ¶ 15.g]. That is the sole substantive factual allegation against him.

General Alcalá Cordones denies participation in any such conspiracy.

In meeting its discovery obligations, the government has turned over thousands of voluminous electronic files, reports, wiretap reports, videos, audios, photographs, and so forth. The defense has been diligently making its way through the discovery materials. The discovery reveals a vast and far-reaching narcotics investigation, delving into the activities of the highest political leadership of Venezuela. Despite the incredible scope of the government's investigation and breadth of the provided discovery, the defense team has not observed a single item of evidence implicating General Alcalá Cordones in criminal conduct. After more than nineteen months since General Alcalá Cordones surrendered and remains detained, the government has not yet produced a single piece of evidence suggesting he undertook any act in furtherance of the conspiracy charged against him beyond the indictment's allegation that he participated in a single meeting in 2008. To date, the government has not produced any evidence of payments, shipments, laundered funds, or even orders given by General Alcalá Cordones in furtherance of the alleged conspiracy.

In the absence of any particulars provided by the government, and any discovery illuminating General Cordones's role in the alleged conspiracy, it is impossible for the defense to prepare for trial. Moreover, as discussed in greater detail below, the defense is aware of the existence of other information in the possession of the government that undermines and refutes the government's case, and this information has not been provided to the defendant.

The government has produced no information that refutes or calls into question General Alcalá Cordones's insistence of his innocence.  General Alcalá Cordones has been openly opposed to Nicolás Maduro and his regime since his retirement from the military in 2013, a fact well known to the government.  Moreover, General Alcalá Cordones has been alleged to have participated in at least two efforts to overthrow Maduro from 2018-2020 and has been alleged to be involved in planning a third.  Efforts to overthrow the Maduro regime have been well known to the United States government.  His opposition to the regime and his alleged efforts to overthrow it were reported to the highest levels of the Central Intelligence Agency, National Security Council, and the Department of the Treasury.  The evidence is clear that he has been openly and actively opposed to his alleged co-conspirators for at least the past eight years.  Indeed, his conduct, in support of the democratic ideals in which he believes, constituted treason against the very people whom the government alleges were his co-conspirators for which they seek his detention, imprisonment, and life.

## II.     Particulars Needed in Order to Prepare for Trial

In the absence of particulars provided by the government, and any discovery illuminating General Cordones's role in the alleged conspiracy, it is impossible for the defense to prepare for trial.  The government has produced mountains of documents, hours of audio and other media, with little to no guidance as to its relevance to General Alcalá Cordones.  In fact, in prior conversations with the government, your office has acknowledged that little to none of the produced Rule 16 material will provide any detail or assistance in providing any material details regarding General Alcalá Cordones's involvement and alleged acts in furtherance of the charged conspiracy.  The government should provide the defense with particulars in order to allow us to prepare our defense.  *See United States v. Bortnovsky*, 820 F.2d 572, 574, 575 (2d Cir. 1987) ("[t]he Government [does] not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided"); *see also United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) ("It is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars.").

We respectfully request that you provide us, at a minimum, with the following by way of a bill of particulars:

1) 2008 Meeting:
   a) Identify, where in the volumes of discovery thus far produced, the defense can find evidence related to this meeting.
   b) Identify the date and location of the alleged 2008 meeting.
   c) Identify the individuals allegedly present at meeting.
   d) Detail what General Alcalá Cordones is alleged to have said or done at this meeting.
   e) Detail what specific actions General Alcalá Cordones allegedly agreed to undertake as a result of the meeting.

2) 2008-2020:
   a) Identify where in the produced discovery the defense can find any evidence related to General Alcalá Cordones's alleged narcotics trafficking.

3

    b) Detail what meetings General Alcalá Cordones is alleged to have attended regarding narcotics and/or narcotics trafficking.
    c) Detail what narcotics-related actions General Alcalá Cordones is alleged to have undertaken in this period.
    d) Identify any specific acts in furtherance of the conspiracy the government believes General Alcalá Cordones participated.
    e) Identify the dates, times, and locations of conversations General Alcalá is alleged to have participated in which narcotics trafficking was discussed.
    f) Identify what, if any, specific narcotics shipments with which the government believes General Alcalá Cordones was involved.

### III. Specific *Brady* and Rule 5(f) Requests

The government has a duty to disclose material evidence favorable to a defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Kyles v. Whitley*, 514 U.S. 419 (1995), and Federal Rule of Criminal Procedure 5(f). The Second Circuit articulated the *Brady* rule in *United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001) as a constitutional duty to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or to punishment." "Favorable evidence includes not only evidence that tends to exculpate the accused, but also evidence that is useful to impeach the credibility of a government witness." The focus is on whether the exculpatory and impeachment evidence, if suppressed, "would deprive the defendant of a fair trial." *Id.* At 135 (quoting *United States v. Bagley*, 473 U.S. 667 (1985)).

General Alcalá Cordones requests all *Brady* and Rule 5(f) material, including but not limited to the following:

1) Documents or statements of any witnesses and identify the witnesses that provided the information that caused the government, by 2017-2018, to question or doubt the evidence concerning General Alcalá Cordones's involvement in the narcotics conspiracy.

2) Documents or statements of any witnesses and identify any witnesses involved in or having knowledge of the alleged conspiracy, who have indicated General Alcalá Cordones was not involved.

3) Documents or statements of any witnesses and identify any witnesses involved in or having knowledge of the alleged conspiracy who have either stated that General Alcalá Cordones was not involved in the conspiracy or failed to identify General Alcalá Cordones as a member of the conspiracy. The government has alleged that General Alcalá Cordones was a high-level member of a continent-wide conspiracy for at least 12 years. Given the scope of the Government's charging theory and allegations, individuals with familiarity with this alleged conspiracy who have not named General Alcalá Cordones as being involved constitute *Brady* witnesses and must be disclosed along with notes and memoranda regarding the information they provided.

4) Any documents, assessments, memoranda, or electronic communications within the Department of Justice concerning the decision not to prosecute General Alcalá Cordones in or around 2017-2018 for narcotics, weapons or terrorism-related charges.

5) Any and all documents in the possession of the United States, including the Department of Justice, the Drug Enforcement Administration, the Central Intelligence Agency, the National Security Counsel, Treasury Department, and the Venezuela Inter-agency Working Group demonstrating or tending to demonstrate that General Alcalá Cordones was actively opposed to the Maduro regime including, but not limited to memoranda, reports, and electronic communications.

6) Any and all documents regarding Communications between United States government officials and members of the Juan Guaidó government concerning General Alcalá Cordones. These officials should include, but are not limited to:

   a) United States Officials
      i) Elliott Abrams
      ii) Mike Pompeo
      iii) William Barr
      iv) Marshall Billingslea
      v) Mauricio Claver-Carone
      vi) Michael Fitzpatrick
      vii) CIA operatives in Bogota
      viii) CIA officials who had lunch with Martin Rodil in or about the first quarter of 2018.
   b) Venezuelan officials
      i) Lester Toledo
      ii) Jorge Betancourt
      iii) Juan José ("JJ") Rendón

## IV.  Conclusion

In its twenty-eight-page indictment, the government has alleged an incredibly broad conspiracy dating back to 1999. As to some defendants, it contains some particularity, however, as to General Alcalá Cordones it provides little to no particularity nor does it serve meaningful notice to the defense of the acts in which the government believes General Alcalá Cordones participated. Furthermore, the voluminous discovery produced by the government pursuant to Rule 16, has provided little to no assistance in identifying the specific conduct in which General Alcalá is alleged to have participated. We respectfully request that the government direct the defense to the relevant discovery already produced and provide further particulars as identified above.

Furthermore, the defense is confident that there exists *Brady* and Rule 5(f) material and witnesses not yet identified and produced to the defense to which it is entitled.

Respectfully submitted,

/s/

César de Castro
Adam Kaufmann
Cristian Francos
Valerie A. Gotlib


cc:     AUSA Kyle Wirshba
        AUSA Benjamin Schrier