UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>- v. -<br><br>Nicolás Maduro Moros,<br>Diosdado Cabello Rondón,<br>Huge Armando Carvajal Barrios,<br>    a/k/a/ "El Pollo,"<br>Cliver Antonio Alcalá Cordones,<br>Luciano Marín Arango,<br>    a/k/a "Ivan Marquez," and<br>Seuxis Paucis Hernández Solarte,<br>    a/k/a "Jesús Santrich,"<br><br>                Defendants. | S2 11 Cr. 205 (AKH) |

**MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S SUBMISSION PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT, FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1), AND THE GOVERNMENT'S PROPOSED PROTECTIVE ORDER**

César de Castro
Valerie Gotlib
**The Law Firm of César de Castro P.C.**
111 Fulton Street – 602
New York, NY 10038
(631) 460-3951
cdecastro@cdecastrolaw.com
vgotlib@cdecastrolaw.com

Adam S. Kaufmann
Cristián Francos
Diane M. Camacho
**Lewis Baach Kaufmann Middlemiss PLLC**
The Chrysler Building
405 Lexington Avenue, 64th Floor
New York, NY 10174
(212) 826-7001
Adam.Kaufmann@lbkmlaw.com
Cristian.Francos@lbkmlaw.com
Diane.Camacho@lbkmlaw.com

*Attorneys for Defendant,*
*Cliver Antonio Alcalá Cordones*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

DEFENSE COUNSEL SHOULD BE PERMITTED TO MAKE AN *IN CAMERA* AND
*EX PARTE* PRESENTATION TO THE COURT REGARDING HOW CLASSIFIED
MATERIAL MAY BE HELPFUL AND MATERIAL TO THE DEFENSE .................................2

CONCLUSION....................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brady v. Maryland*,
  373 U.S. 83 (1963) ............................................................................................................. 3, 4

*United States v. Abu-Jihaad*,
  630 F.3d 102 (2d Cir. 2010) ...................................................................................................... 2

*United States v. Al-Farekh*,
  956 F.3d 99 (2d Cir. 2020) ........................................................................................................ 5

*United States v. Aref*,
  533 F.3d 72 (2d Cir. 2008) ............................................................................................... 2, 3, 4

*United States v. Babar Ahmad*,
  No. 04 Cr. 301 (JCH) (D. Conn. April 15, 2013) ....................................................................... 6

*United States v. Dumeisi*,
  424 F.3d 566 (7th Cir. 2005) ..................................................................................................... 3

*United States v. Farekh*,
  No. 15 Cr. 268 (BMC), 2016 WL 4444778 (E.D.N.Y. Aug. 23, 2016) ...................................... 5

*United States v. Juma Khan*,
  No. 08 Cr. 621 (NRB), 2010 WL 330241 (S.D.N.Y. Jan. 20, 2010) .......................................... 3

*United States v. Khaled Al Fawwaz & Abdel Bary*,
  No. 98 Cr. 1023 (LAK) (S.D.N.Y. Aug. 19, 2013) .................................................................... 5

*United States v. Libby*,
  429 F. Supp. 2d 1 (D.D.C. 2006) ........................................................................................... 3, 6

*United States v. Mostafa*,
  No. 04 Cr. 356 (KBF) (S.D.N.Y. January 17, 2014) .................................................................. 5

*United States v. Poindexter*,
  698 F. Supp. 316 (D.D.C. 1988) ................................................................................................ 3

*United States v. Stewart*,
  590 F.3d 93 (2d Cir. 2009) ..................................................................................................... 2, 3

*United States v. Sulaiman Abu Ghayth*,
  No. 98 Cr. 1023 (LAK) (S.D.N.Y. August 19, 2013) ................................................................ 5

*United States v. Velentzas*,
 No. 15 Cr. 213, 2016 WL 4250304 (E.D.N.Y. Aug. 10, 2016)..................................................6

*United States v. Yunis*,
 867 F.2d 617 (D.C. Cir. 1989)...................................................................................................3

*United States v. Zhongsan Liu*,
 No. 19 Cr. 804 (VEC), 2021 WL 3374535 (S.D.N.Y. July 8, 2021)..........................................5

**Statutes**

Classified Information Procedures Act, 18 U.S.C. App. 3 (2000)......................................... *passim*

**Rules**

Fed. R. Crim. P. 16(d)(1) ................................................................................................................1

**Other Authority**

S. Rep. No. 96-823 (1980)...............................................................................................................3

**PRELIMINARY STATEMENT**

This memorandum of law is submitted on behalf of General Alcalá Cordones in opposition to the government's application pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 (2000), Fed. R. Crim. P. 16(d)(1), and the government's proposed protective order. As detailed below, it is respectfully submitted that the Court should conduct an *in camera* and *ex parte* conference with defense counsel regarding the government's CIPA Section 4 filing. The defense should be given an opportunity to present to the Court information that will assist it in evaluating the government's Section 4 submission, and in determining whether information the government seeks to protect includes discoverable material or material that is helpful to the defense. This practice is consistent with those of other courts in this Circuit.

In an *in camera* and *ex parte* conference, the defense would present to the Court detailed information about General Alcalá Cordones' interactions with the United States government, including with the Central Intelligence Agency ("CIA") and other intelligence agencies that is relevant to the allegations in the Indictment and most certainly should have and would have been memorialized in government memoranda, communications, and other records. This information will help the Court in its evaluation of whether the classified material in possession of the government includes material that is discoverable and/or helpful to the defense. Our provision of this information to the Court will necessarily involve revealing aspects of our defense that we should not have to reveal to the government at this point in the case. Therefore, an *in camera* and *ex parte* disclosure is both appropriate and consistent with established practice in this Circuit.

**DEFENSE COUNSEL SHOULD BE PERMITTED TO MAKE AN *IN CAMERA* AND *EX PARTE* PRESENTATION TO THE COURT REGARDING HOW CLASSIFIED MATERIAL MAY BE HELPFUL AND MATERIAL TO THE DEFENSE**

General Alcála Cordones should be given an opportunity, *in camera* and *ex parte,* to provide the Court with information regarding his defense that is relevant to whether the government should be compelled to make a full production of the materials it has deemed classified. Section 4 of CIPA permits the government to delete, summarize, or substitute specified items of classified information before providing the items in discovery, but only "upon a sufficient showing" that full production would pose a reasonable danger to national security. 18 U.S.C. App. 3 § 4; *see United States v. Abu-Jihaad,* 630 F.3d 102, 141 (2d Cir. 2010) (the "state secrets" privilege to withhold information applies under CIPA Section 4 only if "there is a reasonable danger that compulsion of the evidence will expose . . . matters which, in the interest of national security, should not be divulged"). However, the state secrets privilege is not absolute. As discussed below, it must yield if the information is discoverable or helpful to the defense. *See, e.g., Abu-Jihaad*, 630 F.3d at 141 ("the state-secrets privilege must—under some circumstances— 'give way . . . to a criminal defendant's right to present a criminal defendant's right to present a meaningful defense.'" (quoting *United States v. Stewart*, 590 F.3d 93, 131 (2d Cir. 2009))).

The Second Circuit has developed a four-step test for evaluating a government application to delete or substitute information pursuant to § 4. *See United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008). This Court must determine whether: (1) the information is classified; (2) the information is discoverable; (3) the state secrets privilege applies; and (4) the information is helpful or material to the defense. *Id.*

The first step is determining whether the information is, in fact, classified. "Classified information" is defined as "information or material that has been determined by the United States

Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security. . . ." 18 U.S.C. App. 3 § 1(a). Classification may be established by the affidavit of a government official, as long as the affidavit "adequately describes the reasons for the information's classification and the harm that would result from disclosure." *United States v. Juma Khan*, No. 08 Cr. 621(NRB), 2010 WL 330241, at *1 (S.D.N.Y. Jan. 20, 2010).

If the material or information is deemed classified, in the second step of the analysis the Court must determine whether it is discoverable. CIPA was not intended to, and does not, change the government's discovery obligations under *Brady v. Maryland,* 373 U.S. 83 (1963) or the Federal Rules of Criminal Procedure. *See, e.g., United States v. Libby*, 429 F. Supp. 2d 1, 7 (D.D.C. 2006) ("[CIPA] creates no new rights of or limits on discovery of a specific area of classified information . . . [,] it contemplates an application of the general law of discovery in criminal cases to the classified information based on the sensitive nature of the classified information") (quoting *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989)). The purpose of CIPA is to protect sensitive national security information, not to impede a defendant's fair trial rights. *See Stewart,* 590 F.3d at 130; *Aref*, 533 F.3d at 79–80 (government's privilege under CIPA "must give way" when classified information is helpful or material to the defense); s*ee also United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005). In fact, in enacting CIPA, Congress warned that "the defendant should not stand in a worse position, because of the fact that classified information is involved, than he would without this Act." S. Rep. No. 96-823, at 9 (1980); s*ee also United States v. Poindexter*, 698 F. Supp. 316, 320 (D.D.C. 1988).

When classified information is discoverable, the third step involves deciding whether the

state secrets privilege applies because: (1) exposure of the evidence would present a "reasonable danger" to national security; and (2) the privilege has been "lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *Aref*, 533 F.3d at 80 (citation and internal quotation marks omitted).

If the Court decides the "state secrets" privilege applies, the fourth and final step is to determine whether the information is "helpful or material" to the defense, meaning it would be "useful to counter the government's case or to bolster a defense." *Id*. (citation and internal quotation marks omitted). In *Aref*, the Second Circuit explained that "[t]o be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under *Brady v. Maryland*, to disclose exculpatory information." *Id*. Rather, "[i]nformation can be helpful without being 'favorable' in the Brady sense." *Id.* (citation and internal quotation marks omitted). Thus, when information may be helpful or material to the defense, the classified material or information must be provided, but the Court may permit the government to make appropriate deletions or substitutions. 18 U.S.C. App. 3 § 4.

Section 4 authorizes a court to accept government pleadings, and by implication to conduct the entire four-step analysis set forth above, *ex parte*. 18 U.S.C. App. 3 § 4. However, because Section 4 states only that "[t]he court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone", there exists no categorical impediment to disclosure or adversary proceedings. *Id.*

While the Second Circuit recently held that a district court did not abuse its discretion in granting the government's motion to make its Section 4 motion *ex parte*, in reaching this holding it noted that prior to granting the motion "the District Court met *ex parte* with defense counsel so that counsel could present [the defendant's] theory of the case and his potential defenses." *United*

4

*States v. Al-Farekh*, 956 F.3d 99, 109 (2d Cir. 2020). This Court should afford the defense the same opportunity prior to ruling on the government's Section 4 motion.

In order to assist the Court in making its Section 4 determination(s), General Alcála Cordones should be permitted an *in camera* and *ex parte* conference to make a presentation to the Court as to the reasons why categories of potentially classified evidence may be relevant, material, and/or helpful to the defense. A conference would allow the defense to answer questions from the Court in a contemporaneous fashion and to permit dialogue to flesh out the issues. Similar conferences have been conducted in other cases. *See, e.g., United States v. Zhongsan Liu*, No. 19 Cr. 804 (VEC), 2021 WL 3374535, at *1 (S.D.N.Y. July 8, 2021) (noting that the court ordered the defense "to appear at an *ex parte* hearing to further explicate his merits defense to better assist the Court in its review of the Government's motion" which the court used "when evaluating whether any information subject to the Government's CIPA Section 4 motion could be relevant and helpful to the defense."); *United States v. Mostafa,* No. 04 Cr. 356 (KBF) (S.D.N.Y. January 17, 2014), ECF No. 233 (*ex parte* conference held prior to ruling on the government's Section 4 motion); *United States v. Sulaiman Abu Ghayth,* No. 98 Cr. 1023 (LAK) (S.D.N.Y. August 19, 2013), ECF No. 1285 (permitting *ex parte* conference in Section 4 context "to permit the Court to be better informed to make the judgments called for by the government's CIPA motion" and "to be better informed of the defenses they [defense counsel] plan to present"); *United States v. Khaled Al Fawwaz & Adel Abdel Bary*, No. 98 Cr. 1023 (LAK) (S.D.N.Y. Aug. 19, 2013), ECF No. 1284 (same); *United States v. Farekh*, No. 15 Cr. 268 (BMC), 2016 WL 4444778, at *1 (E.D.N.Y. Aug. 23, 2016) (noting that prior to ruling on the government's Section 4 motion the court "met with defendant's counsel *ex parte*, as requested, to listen to a presentation defendant's attorneys made about defenses that they anticipate raising"); *United States v. Velentzas,* No. 15 Cr. 213, 2016 WL

4250304, at *2 (E.D.N.Y. Aug. 10, 2016) (granting defendant's request to make an *ex parte* presentation); *United States v. Babar Ahmad*, No. 04 Cr. 301 (JCH) (D. Conn. April 15, 2013), ECF No. 72 (calendaring an *ex parte* hearing regarding the government's CIPA Section 4 filing, at which the Court would also "hear an *ex parte* presentation from the defense, as per their request, to assist the court in making its Section 4 determination"); *see also Libby*, 429 F. Supp. 2d at 26 (allowing the defendant to submit an *ex parte* affidavit detailing the defense).

Here, as in the above cases, an *in camera* and *ex parte* conference with the defense will assist the Court in making an informed and accurate decision regarding the disclosure of evidence under CIPA Section 4.

## CONCLUSION

In order to properly evaluate the government Section 4 submission, this Court should provide defense counsel an opportunity at an *in camera* and *ex parte* conference to allow General Alcála Cordones to present information that will assist the Court in evaluating the government's Section 4 submission and determine whether it includes discoverable material and/or material that is helpful to the defense.

Dated: February 25, 2022

          /s/
César de Castro
Valerie Gotlib
**The Law Firm of César de Castro P.C.**
111 Fulton Street – 602
New York, NY 10038
(631)-460-3951
cdecastro@cdecastrolaw.com
vgotlib@cdecastrolaw.com


Adam S. Kaufmann
Cristián Francos
Diane M. Camacho
**Lewis Baach Kaufmann Middlemiss PLLC**
The Chrysler Building
405 Lexington Avenue, 64th Floor
New York, NY 10174
(212) 826-7001
Adam.Kaufmann@lbkmlaw.com
Cristian.Francos@lbkmlaw.com
Diane.Camacho@lbkmlaw.com

*Attorneys for Defendant,*
*Cliver Antonio Alcalá Cordones*