```
     MBUHCorC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                            11 Cr. 205 (AKH)

5    CLIVER ANTONIO ALCALA
     CORDONES,
6
                                             Conference
7                    Defendant.

8    ------------------------------x

9                                            New York, N.Y.
                                             November 30, 2022
10                                           10:20 a.m.

11
     Before:
12
                     HON. ALVIN K. HELLERSTEIN,
13
                                             District Judge
14
                              APPEARANCES
15
     DAMIAN WILLIAMS
16       United States Attorney for the
         Southern District of New York
17   KYLE A. WIRSHBA
     KAYLAN LASKY
18       Assistant United States Attorneys

19   The LAW FIRM OF CESAR DE CASTRO, P.C.
         Attorneys for Defendant
20   BY:  CESAR DE CASTRO
         -and-
21   GOTLIB LAW, PLLC
     BY:  VALERIE A. GOTLIB
22       -and-
     LEWIS BAACH KAUFMANN MIDDLEMISS
23   BY:  ADAM SWOPE KAUFMANN
         CRISTIAN FRANCOS
24
     Also Present:
25
     Gabriel Mitre, Interpreter (Spanish)
```

MBUHCorC

1              (Case called)
2              THE DEPUTY CLERK:  Counsel, please state your
3     appearances for the record.
4              THE COURT:  Sit and take off your mask when you speak.
5              MR. WIRSHBA:  Yes, your Honor.  Good morning, Kyle
6     Wirshba, and I'm joined at counsel table by my colleague Kaylan
7     Lasky.
8              THE COURT:  Good morning.
9              MR. DE CASTRO:  Good morning, your Honor.  Cesar De
10    Castro, Valerie Gotlib, Adam Kaufmann, and Cristian Francos for
11    Mr. Alcala Cordones who is seated next to Ms. Gotlib.
12             THE COURT:  Good morning, all.
13             MR. DE CASTRO:  Judge, we need a Spanish-language
14    interpreter.
15             THE COURT:  Sorry?
16             MR. DE CASTRO:  We need a Spanish-language interpreter
17    for Mr. Alcala Cordones.
18             (Recess)
19             THE COURT:  OK.
20             THE DEPUTY CLERK:  This is U.S. v. Cliver Antonio
21    Alcala Cordones.  Counsel, please state your appearance for the
22    record.
23             MR. WIRSHBA:  Good morning, your Honor.  Kyle Wirshba
24    for the government.  I'm joined at counsel table by Kaylan
25    Lasky.

MBUHCorC

THE COURT: I think we've done this already.

MR. WIRSHBA: We did this part, yes, your Honor.

THE COURT: We're just joined by Mr. Cordones.

Good morning, Mr. Cordones.

THE DEFENDANT: Good day.

THE COURT: Mr. Wirshba, what are we going to do today?

MR. WIRSHBA: Your Honor, I think today we should contemplate the scheduling of a trial date in this matter. The parties have been discussing it. There remains to be some work done with respect to the classified processes that are ongoing, but it's the parties' belief that we can set perhaps a tentative trial date sooner and a backup trial date later, if that's the Court's preference, and allow the Court to know whether or not we feel like we can actually keep that earlier tentative trial date in approximately 30 days.

THE COURT: I don't have that luxury, Mr. Wirshba. I've got other cases, other criminal cases. I can't tie up my calendar in this way.

Tell me first, where do we stand on the production? I looked back at my notes, and every time we have a conference, you say you're almost finished, you're almost finished, you're almost finished, and today you're saying you're almost finished again.

MR. WIRSHBA: Well, your Honor, the issue here is

MBUHCorC

twofold:  One, there is some additional discovery that we continue to collect that we've been in touch with defense about that is largely from another case that is ongoing and continues.  So that discovery, as it comes to us, we are getting to the defense, but --

THE COURT:  It's going to be a never-ending process.

MR. WIRSHBA:  Well, your Honor, I don't think that's going to hold us up in terms of getting this trial.  The other piece of this, as your Honor knows --

THE COURT:  The defendant wants to make motions.

MR. WIRSHBA:  I would defer to the defense on that.  I don't understand there to be any motions with respect to these materials, but I, of course, would defer to the defense.

THE COURT:  Mr. De Castro.

MR. DE CASTRO:  With respect to the -- sorry, Judge -- with respect to the materials that they're talking about from another investigation, I don't anticipate that there would be motions that we would need to set a motion schedule or anything like that.

THE COURT:  Do you have motions that you want to make?

MR. DE CASTRO:  No.  Other than the motions we have made already, we are not anticipating --

THE COURT:  So I can say further motions are waived?

MR. DE CASTRO:  We made motions already.  So we're -- except the only motions we would contemplate making are under

1   CIPA.  But we believe that the materials that we need to
2   review, we will be finished with those by the end of the month.
3   So we will know by the end of the month if there's any motions
4   we'd like to make with respect to those materials, which my
5   understanding is they're very limited, and then we're ready.
6            THE COURT:  So I should schedule a status conference
7   in a month and then pick a trial date at that time?
8            MR. WIRSHBA:  Your Honor, that makes sense to the
9   government.
10           MR. DE CASTRO:  Judge, our only concern is that --
11  just that if we schedule a trial date today, we at least have
12  it locked in so that somebody doesn't come in, another judge
13  come in, and take that potential date, because I know that you
14  have limited control of your calendar is my understanding given
15  the protocols that are still in place.
16           We had talked about setting -- I have a January trial
17  that's going to last until March and then setting a trial in
18  July, if that was available for the Court, so that we have our
19  time to prep and try the case.
20           THE COURT:  How long will the trial take?
21           MR. WIRSHBA:  Approximately two to three weeks, your
22  Honor.
23           THE COURT:  You agree, Mr. De Castro?
24           MR. DE CASTRO:  I have no reason to disagree, Judge.
25  I haven't seen anything to disagree on.

1         THE COURT:  All right.
2         MR. DE CASTRO:  I trust the government on that.
3         THE COURT:  July 10 for trial.  Firm date.  OK with
4    that?
5         MR. WIRSHBA:  Yes, your Honor.
6         MR. DE CASTRO:  Yes, Judge.  Thank you.
7         THE COURT:  No adjournments.  Make sure that all the
8    new stuff is searched for *Brady* stuff.
9         MR. WIRSHBA:  Yes, your Honor, of course.  As your
10   Honor knows, there is still potentially some CIPA litigation
11   that may come to the Court, but we will do that expeditiously.
12        THE COURT:  Make sure we start on July 10.  Defendant
13   is in jail.  Doesn't deserve to be in jail except for the
14   statutory requirements of bail, so we must move this case.
15        MR. WIRSHBA:  Understood, your Honor.
16        THE COURT:  OK.  Brigitte, final trial conference.
17        THE DEPUTY CLERK:  July 6 at 11:00.
18        THE COURT:  Final pretrial conference July 6 at
19   11 o'clock.  All motions *in limine* will be heard at that time.
20   Set them up so I get papers four business days before.  Check
21   my rules about what else is required.
22        Motion?
23        MR. WIRSHBA:  Yes, your Honor.  The government would
24   seek to exclude time until the trial date of July 10 under the
25   Speedy Trial Act to allow the parties to prepare for trial, to

MBUHCorC

1   allow the defense to continue to prepare their case.
2            THE COURT:  Without objection?
3            MR. DE CASTRO:  Without objection.
4            THE COURT:  So ordered.
5            Thank you.  We're finished.
6            MR. WIRSHBA:  Thank you, your Honor.
7            (Adjourned)
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25