THE LAW FIRM OF

# César de Castro, P.C.

ATTORNEY AT LAW

The District
111 Fulton Street - 602
New York, New York 10038
631.460.3951 Office
646.285.2077 Mobile
646.839.2682 Fax
cdecastro@cdecastrolaw.com
cdecastrolaw.com

February 26, 2024

*Via* **ECF, E-mail & Facsimile**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
Fax: (212) 805-7942

      Re:    <u>*United States v. Cliver Alcalá Cordones,* 11 Cr. 205 (AKH)</u>

Dear Judge Hellerstein,

Through this letter motion we respectfully request that the Court preclude the government from calling Witness-1 as a witness at the upcoming *Fatico* hearing because of his lack of knowledge of information concerning the narrow disputed issue the Court is to resolve.

General Alcalá pled guilty to providing material support and weapons to the FARC knowing that FARC members engaged in, *inter alia*, drug trafficking. Thus, while General Alcalá admitted that he provided material support and weapons to the FARC knowing that FARC members engaged in drug trafficking, he has denied that he personally engaged in any type of conduct that constituted or directly facilitated drug trafficking. As the Court is aware, General Alcalá disputes each of the allegations made in paragraphs 13 through 19 of the PSR and asked the Court to order the Probation Office to remove paragraphs 13 through 19 from the PSR.

Paragraph 13 of the PSR qualifies Paragraphs 14 through 19 by asserting that General Alcalá participated in the acts alleged in Paragraphs 14 through 19 "to support the FARC[.]" General Alcalá unequivocally denies that he personally engaged in any type of conduct that constituted or directly supported the FARC's drug trafficking. Accordingly, the issue to be resolved at the *Fatico* hearing is whether the government has the ability to prove that the material support to which General Alcalá has pled guilty included supporting the FARC's drug trafficking. As described in detail below, Witness-1's anticipated testimony (that relates to the facts alleged in Paragraph 14 of the PSR) fails to provide the requite nexus because he lacks any information that connects General Alcalá's alleged actions to the FARC. Thus, Witness-1's testimony should be precluded.

Witness-1, a former Venezuelan law enforcement officer is anticipated to testify to the following.  In the mid-2000s, he was part of a group of police officers in Yaracuy who conducted a raid on the farm of an individual named Simon Alvarez.  At the farm the police officers found thousands of kilograms of what they identified, based on their knowledge and experience, as cocaine.  Allegedly present at the farm during the raid were the owner of the farm, Simon Alvarez, and an individual dressed in military clothes who identified himself as General Alcalá.  Witness-1 had never seen General Alcalá before the raid.  When Witness-1 tried to arrest the individual who identified himself as General Alcalá, he got furious, refused and got on the phone.  Less than thirty minutes after the call, officers from the national guard arrived and the individual who identified himself as General Alcalá was giving them orders.  The individual who identified himself as General Alcalá threatened the police and told them they were screwed.  No one at Alvarez's farm was arrested and the drugs were not seized.  The police executing the search were removed from the premises and taken to Governor Leon Heredia's office where they were scolded and told by the governor that they did not know what they had seen was cocaine.  Shortly thereafter the members of the unit that executed the search were transferred and placed under investigation.  They were held for a week in dorms in the state police division guarded by the military.

As we understand it, Witness-1 will not connect the cocaine at Alvarez's farm to the FARC.  Witness-1 has no evidence or information that connects General Alcalá to the FARC.  Witness-1 has no evidence or information relevant to the disputed issue to be resolved at the *Fatico* hearing, *i.e.*, whether the government has the ability to prove that the material support to which General Alcalá has pled guilty included supporting the FARC's narcotics trafficking.

Accordingly, we respectfully ask that the Court preclude the government from calling Witness-1.  We thank the Court for its consideration.

Respectfully submitted,

    /s/

César de Castro
Valerie A. Gotlib
Adam S. Kaufmann
Cristian Francos

cc: all counsel of record (*via* ECF)