

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 26, 2024

**BY CM/ECF**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:     *United States v. Clíver Antonio Alcalá Cordones*, 11 Cr. 205 (AKH)

Dear Judge Hellerstein:

The Government respectfully submits this letter in opposition to the defendant's last-minute request to preclude the testimony of Witness-1 at the February 27, 2024 *Fatico* hearing. Witness-1's testimony will prove the facts set forth in paragraph 14 of the Presentence Investigation Report ("PSR"), which is explicitly disputed by the defendant and highly relevant to what the defendant disputes more broadly at sentencing, as it provides a powerful illustration of the defendant's abuse of the immense power he enjoyed in Venezuela and his essential role in the drug trafficking activity that he denies. (*See* D.E. 150 at 6; *see also* D.E. 151 (defendant arguing that the Court should disregard any "alleged involvement in narcotics trafficking in imposing sentence"); D.E. 154, Hr'g Tr. 10:2-10 (Jan. 18, 2024) (defense counsel confirming they dispute paragraph 14 of the PSR, among others)).

The defendant does not cite a single case to support his novel claim that the Court cannot consider, or even hear, Witness-1's testimony. And, of course, the Supreme Court has long instructed that the Court should consider the "fullest information possible" in imposing sentence. *See United States* v. *Watts*, 519 U.S. 148, 151-52 (1997) ("Highly relevant—if not essential—to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.") (internal quotation marks omitted). Indeed, "[t]here is a long and durable tradition that sentencing judges enjoy discretion in the sort of information they may consider at an initial sentencing proceeding." *Concepcion v. United States*, 597 U.S. 481, 491 (2022) (internal quotation marks omitted). Under federal sentencing law, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; *see also United States v. Moayedi*, 22 Cr. 188 (JSR), 2023 WL 8471845, at *1 (Dec. 7, 2023) (explaining that "the law makes plain that conduct need not be criminal to be relevant at sentencing").

The Honorable Alvin K. Hellerstein                                                    Page 2
February 26, 2024

      As the Court is aware, the defendant has denied the relevant conduct that the Probation Office included in paragraphs 13 through 19 of the PSR. (D.E. 144 at 7.)  Because the defendant has "denied that he personally engaged in any type of conduct that constituted or directly facilitated drug trafficking," (Def Mot. at 1, D.E. 164), the Government should be allowed to meet that denial with evidence from witnesses like Witness-1, which directly rebuts that contention, and which is highly relevant to the defendant's background, character, and offense conduct. And contrary to the defendant's claim, the Court placed no limitation on the scope of the *Fatico* hearing, and expressly declined to do so. (D.E. 154, Hr'g Tr. 9:19-20 (Jan. 18, 2024) ("If you want to persist in your objection, we'll have a *Fatico* that extends to everything."); 10:12-18 ("No. You've challenged it. It will cover the whole thing . . . All those paragraphs."); 11:18-19 ("You want to have a *Fatico*. You're going to have a *Fatico*. I'm not going to restrict the Government.")).  Thus, while the Government will keep its presentation at the *Fatico* hearing constrained to the contested issues, Witness-1's testimony is directly relevant to those issues, and, accordingly, the defense request to preclude Witness-1's testimony should be denied.

                                                Respectfully Submitted,

                                                DAMIAN WILLIAMS
                                                United States Attorney

By:     */s/*
              Nicholas S. Bradley
              Kaylan E. Lasky
              Kevin T. Sullivan
              Assistant United States Attorneys
              212-637-1581 / 2315 / 1587

Cc:     All Defense Counsel (*by CM/ECF*)